UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

MICHAEL BUDSON,
       Plaintiff,

  -against-


CITY OF NEW YORK, JAMIE BRANTMEYER,
Individually, EMELIO RODRIGUES, Individually,
GUYDEE SURPRIS, Individually, KEVIN LO,
Individually, MICHAEL LEBLOCH, Individually,
JOHN AND JANE DOE 1 through 10, Individually,
 (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

           Defendants.

--------------------------------------------------------------------------------X

**AMENDED**
**COMPLAINT**

19 CV 573 (GHW)

<u>Jury Trial Demanded</u>

Plaintiff MICHAEL BUDSON, by his attorneys, Brett H. Klein, Esq., PLLC,

complaining of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

1.  Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts

supplemental state law claims.

## **JURISDICTION**

2.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

3.  Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.     Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff MICHAEL BUDSON is a 41-year-old man residing in Staten Island, New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     Upon information and belief, that at all times hereinafter mentioned, the individually named defendants JAMIE BRANTMEYER, EMILIO RODRIGUES, GUYDEE SURPRIS, KEVIN LO, MICHAEL LEBLOCH, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of the NYPD and were acting under the supervision of the NYPD and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On October 20, 2017, at approximately 7:00 p.m., plaintiff Michael Budson was lawfully present in front of the Starbucks located at 120 Church Street, New York, New York.

13.     While lawfully stopped at the subject location, at a minimum, two of the defendant NYPD officers approached the plaintiff's vehicle without cause or justification, first at the driver's side and then flanking the car at the driver's side and front passenger side.

14.     Upon information and belief, defendant JAMIE BRANTMEYER, was among the first officers to approach plaintiff's car, and was, at some point, joined and/or otherwise assisted by defendant officers EMILIO RODRIGUES, GUYDEE SURPRIS, KEVIN LO, MICHAEL LEBLOCH, and JOHN and JANE DOE 1 through 10.

15.     Plaintiff's friend, Ms. Lynsmeyer was sitting in the driver's seat.  Plaintiff was sitting in the front passenger seat.  There was no one else in the car.

16.     Plaintiff was sitting with an ice pack against his back where he had a fresh surgical wound, as shortly before the defendants' approach plaintiff had been released from Hudson Spine and Pain Management, where he had just had a surgical procedure on his spine under general anesthesia.

17.     Without any cause for suspicion, defendant officer or officers on the driver's side starting repeatedly asked Ms. Lynsmeyer what she and the plaintiff were doing and whether she

used or sold drugs.

18.     Defendant officers alleged they were looking for a black male in a blue jacket and insisted said male was in the plaintiff's car.

19.     The windows on plaintiff's vehicle were not tinted.   It was immediately and unquestionably apparent that plaintiff and Ms. Lynsmeyer were the only persons in the vehicle.

20.     Ms. Lynsmeyer answered the defendants' questions, explaining, *inter alia*, that plaintiff had just had surgery, that he was coming out of general anesthesia, and that they did not know anything about a black male in a blue jacket.

21.     Abruptly, and without any cause for suspicion or legal justification, one of the defendant officers ordered plaintiff to get out of the car.  Plaintiff did as he was instructed and got out his car.

22.     Defendant officers searched plaintiff's bag and found, *inter alia,* multiple prescriptions the plaintiff had filled immediately following his surgery from a nearby pharmacy.

23.     Plaintiff's medications were all in properly labeled bottles under the correct prescriptions in his name.  Despite this, defendants insisted they needed to count the pills and retain the bottles.

24.     Defendants thereafter arrested plaintiff without probable cause.

25.     Plaintiff begged defendants not to handcuff him because of the surgery he just had, warned them it could cause severe damage, and then begged defendants to at least relieve the pressure from the handcuffs once he was cuffed.

26.     During handcuffing plaintiff's hands and arms were contorted behind his back, causing plaintiff to suffer extreme physical and psychological pain.

4

27.     Defendants made no attempt to alleviate the pressure or the pain.  Defendants ignored plaintiff's cries and screams and did not remove or adjust plaintiff's cuffs.

28.     Instead, a female defendant officer, believed to be defendant BRANTMEYER, looked at the surgical site on plaintiff's back and accused plaintiff of being a liar and insisted plaintiff was faking that he had just had surgery as there is no surgery that would leave an incision so small.

29.     Defendants kept plaintiff at the scene, and audibly questioned whether or not he was really injured, whether or not they should just release him, and whether or not they should call for additional officers.

30.     Plaintiff was handcuffed and standing during these conversations.  Plaintiff continued to beg for the handcuffs to be removed or loosened.  Plaintiff begged to be given his cane and informed the defendants that he was barely able to stand without it.  Defendants ignored plaintiff's cries for help and did not let him have his cane or otherwise resituate him.

31.     Additional uniformed and plain clothes officers arrived at the scene.

32.     Defendant NYPD Sergeant EMELIO RODRIGUES was the supervisor on the scene and approved the plaintiff's arrest.

33.     After approximately 30 minutes at the scene, defendants imprisoned plaintiff in a police vehicle, and transported him to the 1st Police Precinct, instead of obtaining emergency medical treatment for Mr. Budson, as required by NYPD guidelines.

34.     Defendants did not properly secure plaintiff in the police vehicle causing plaintiff to suffer additional pain and pressure to his back, arms, and wrists as he was unsafely jostled around.

35.     The defendants were aware from plaintiff's repeated complaints and via their own observations that plaintiff was injured, yet did nothing to better situate or secure plaintiff in the police vehicle, or to otherwise relieve plaintiff's pain, and/or attend to his medical needs, and instead continued on to the 1st precinct where he was imprisoned in a cell.

36.     At the 1st precinct, plaintiff was brought before the desk sergeant and continued to try to explain that he was in pain, that he was struggling from the procedure he had, that he couldn't walk, that he did not understand what was happening, and that he had prescriptions for all the medications the defendants had taken from him.  Defendants continued to insist he wasn't really injured and that they needed to count the pills.

37.     Defendants proceeded to imprison plaintiff in a holding cell.

38.     While confined in the holding cell, plaintiff started to lose feeling in his arms. Plaintiff continued try to get the attention of a defendant officer to convince them of the possible irreversible medical situation he was in.  Plaintiff explained over and over, giving specific details and medical reasoning, and was still ignored.

39.     At some point plaintiff, who was no longer able to support himself in a sitting position, fell over in the holding cell onto to his side causing him to scream out in pain.

40.     Instead of seeking medical attention for plaintiff, defendants called Ms. Lynsmeyer to pick Mr. Budson up from the precinct.

41.     The defendant officers continued to imprison plaintiff until Ms. Lynsmeyer arrived to pick him up.  By this point. plaintiff had been needlessly held in police custody at the 1st Precinct in extreme pain and discomfort for an extended period of time.

42.     Plaintiff was released from police custody to Ms. Lynsmeyer with a Desk

Appearance Ticket.

43.     The ticket contained fabricated allegations conveyed to prosecutors and to the New York County Criminal Court by defendants, to wit, defendant BRANTMEYER, swore in the misdemeanor criminal complaint plaintiff committed the misdemeanors of petit larceny and criminal possession of stolen property in that plaintiff knowingly put two protein bars and a Starbucks drink into his backpack, left without paying, and had no receipt when stopped.

44.     As a result, on December 18, 2017, plaintiff was arraigned under New York County Criminal Court case number 2017NY059428, at which time the prosecution was adjourned in contemplation of dismissal.  It was thereafter dismissed and sealed.

45.     Defendants JAMIE BRANTMEYER, EMILIO RODRIGUES, GUYDEE SURPRIS, KEVIN LO, MICHAEL LEBLOCH, and JOHN and JANE DOE 1 through 10, either directly participated in the above illegal conduct, or failed to intervene despite being present or aware of said conduct, or supervised the defendants engaged in such unlawful conduct.

46.     As a result of the above described misconduct, plaintiff sustained injuries necessitating medical treatment and resulting in ongoing *sequelae*.

47.     After his release from custody, plaintiff sought treatment at Circle Urgent Care and Hudson Medical for the physical injuries suffered as a result of said unlawful conduct, *inter alia,* right wrist sprain, Wartenberg Syndrome, back injuries and lack of expected response to the RFA surgery, pain, and numbness.

48.     Defendant City of New York and its officers owed a duty to plaintiff to ensure his safety in their custody.

49.     Defendant City of New York and its officers breached their duty to plaintiff,

7

resulting in plaintiff sustaining the above described physical injuries while in their custody.

50.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of falsely arresting individuals, unsafe handcuffing and transporting, refusing medical care, falsification, of lax investigations of police misconduct, and of covering up abuse by fellow officers.

51.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and the media, that many City officers, including the defendants, are insufficiently trained regarding the probable cause required to arrest individuals, excessive force, safe handcuffing procedures, responding to medical needs, and engage in a practice of falsification to cover up their abuses of authority.

52.     Further, in another civil rights action filed in this circuit involving false allegations by NYPD officers, Eastern District Senior Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department.  . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

53.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights as well as physical injuries to prisoners.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure

caused the officers in the present case to violate the plaintiffs' civil rights.

54.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

55.     As a result of the foregoing, plaintiff MICHAEL BUDSON sustained, *inter alia*, physical injuries, emotional distress, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

56.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.     Defendants arrested plaintiff MICHAEL BUDSON, without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

58.     Defendants caused plaintiff MICHAEL BUDSON to be falsely arrested and unlawfully imprisoned.

59.     As a result of the foregoing, plaintiff MICHAEL BUDSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983)

60.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff MICHAEL BUDSON'S constitutional rights.

62.     As a result of the aforementioned conduct of defendants, plaintiff MICHAEL BUDSON was subjected to excessive force and sustained physical and emotional injuries.

63.     As a result of the foregoing, plaintiff MICHAEL BUDSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Violation of Right to Fair Trial/Fabrication of Evidence under 42 U.S.C. § 1983)

64.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.     Defendants created false evidence against plaintiff MICHAEL BUDSON.

66.     Defendants utilized this false evidence against plaintiff MICHAEL BUDSON in legal proceedings.

67.     As a result of defendants' creation and use of false evidence, plaintiff MICHAEL BUDSON suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

68. As a result of the foregoing, plaintiff MICHAEL BUDSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

69. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

71. The defendants failed to intervene to prevent the unlawful conduct described herein.

72. As a result of the foregoing, plaintiff was subjected to excessive force, his liberty was restricted for an extended period of time, he was put in fear of her safety, and he was humiliated and subjected to handcuffing and other physical restraints.

73. As a result of the foregoing, plaintiff MICHAEL BUDSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN FIFTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983  as to JOHN or JANE DOE 3)

74. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

76.     As a result of the foregoing, plaintiff MICHAEL BUDSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

77.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

79.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department, but were not limited to, subjecting citizens to excessive force, arresting individuals without probable cause and engaging in a practice of falsification to cover up their abuse of authority.  In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff's rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and

12

conduct complained of herein.

80.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

81.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

82.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

83.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff MICHAEL BUDSON was subjected to excessive force, falsely arrested, unlawfully imprisoned, and maliciously prosecuted.

84.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

85.     All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

    A.     To be free from false arrest/unlawful imprisonment;

    B.     To be free from excessive force;

    C.     To receive his right to a fair trial; and

    D.     To be free from the failure to intervene;

13

86.     As a result of the foregoing, plaintiff MICHAEL BUDSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claim

Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

87.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

88.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

89.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

90.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

91.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

92.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

14

93.     The defendant officers arrested plaintiff MICHAEL BUDSON without probable cause.

94.     Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

95.     As a result of the aforementioned conduct, plaintiff MICHAEL BUDSON was unlawfully imprisoned in violation of the laws of the State of New York.

96.     As a result of the aforementioned conduct, plaintiff MICHAEL BUDSON suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

97.     Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

98.     As a result of the foregoing, plaintiff MICHAEL BUDSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

99.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100.    As a result of the foregoing, plaintiff MICHAEL BUDSON was placed in apprehension of imminent harmful and offensive bodily contact.

101.    As a result of defendant's conduct, plaintiff MICHAEL BUDSON has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and

humiliation.

102.    The individually named defendants assaulted plaintiff.  Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

103.    As a result of the foregoing, plaintiff MICHAEL BUDSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A NINTH CAUSE OF ACTION**
(Battery under the laws of the State of New York)

104.    Plaintiff repeats. Reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "103" with the same force and effect as if fully set forth herein.

105.    Defendants JAMIE BRANTMEYER and JOHN and JANE DOES 1 through 10 made offensive contact with plaintiff MICHAEL BUDSON without privilege or consent.

106.    As a result of defendant JAMIE BRANTMEYER and JOHN and JANE DOES 1 through 10's conduct, plaintiff MICHAEL BUDSON suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

107.    Defendant City, as employer of JAMIE BRANTMEYER and JOHN and JANE DOES 1 through 10, is responsible for said officer's wrongdoing under the doctrine of *respondeat superior*.

108.    As a result of the foregoing, plaintiff MICHAEL BUDSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

109.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "108" with the same force and effect as if fully set forth herein.

110.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

111.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

112.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

113.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff MICHAEL BUDSON.

114.    As a result of the aforementioned conduct, plaintiff MICHAEL BUDSON suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

115.    Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

116.    As a result of the foregoing, plaintiff MICHAEL BUDSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

117.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "116" with the same force and effect as if fully set forth herein.

118.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff MICHAEL BUDSON.

119.    Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

120.    As a result of the foregoing, plaintiff MICHAEL BUDSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

121.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "120" with the same force and effect as if fully set forth herein.

122.    Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff MICHAEL BUDSON.

123.    As a result of the foregoing, plaintiff MICHAEL BUDSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
<u>(Negligence under the laws of the State of New York</u>)

124.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "123" with the same force and effect as if fully set forth herein.

125.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

126.    Defendant City, as employer of the individually named defendant officers, is responsible for their negligence under the doctrine of *respondeat superior*.  As a result of the foregoing, plaintiff MICHAEL BUDSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff MICHAEL BUDSON demands judgment and prays for the following relief, jointly and severally, against the defendants:

    (A)    full and fair compensatory damages in an amount to be determined by a jury;

    (B)    punitive damages against the individual defendants in an amount to be determined by a jury;

    (C)    reasonable attorneys' fees and the costs and disbursements of this action; and

    (D)    such other and further relief as appears just and proper.

Dated: New York, New York
June 27, 2019

BRETT H. KLEIN, ESQ., PLLC
Attorneys for Plaintiff MICHAEL BUDSON
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By: _____
*Brett Klein*
BRETT H. KLEIN (BK4744)

20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

MICHAEL BUDSON,

                              Plaintiff,

        -against-

                                                                19 CV 573 (GHW)

CITY OF NEW YORK, JAMIE BRANTMEYER,
Individually, EMELIO RODRIGUES, Individually,
GUYDEE SURPRIS, Individually, KEVIN LO,
Individually, MICHAEL LEBLOCH, Individually,
JOHN AND JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                              Defendants.
--------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132